[No. 7818.   Decided May 15, 1909.]

A. S. Johnson, *Appellant*, v. George H. Sekor *et al.,*
*Respondents.*[1]

Vendor and Purchaser—Forfeiture of Contract—Rights of
Creditor of Vendee—Execution—Property Subject to Levy.   After
due forfeiture of a contract to purchase lots for nonpayment of
installments due, time being of the essence and title remaining in
the vendor, a creditor of the vendee acquires no interest by the levy
of execution and tender of the installments, there being no evidence
of collusion between the vendor and vendee.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered June 13, 1908, in favor of the
defendants, after a trial on the merits before the court with-
out a jury, in an action to subject real property to the lien
of a judgment.   Affirmed.

*Lueders & Phelps,* for appellant.

*Emmett N. Parker,* for respondent Gregory & Co.

Mount, J.—This action was brought to subject certain
real estate to the lien of a judgment.   After a trial to the
court without a jury, the action was dismissed, and plaintiff
appeals.   The facts are as follows:   The respondents E. F.
Gregory and wife were the owners of lots 14 and 15, in block
5, of McKinley Park Addition to Tacoma, Pierce county,
Washington.   On December 9, 1904, respondent H. L. Cory
entered into a written contract with Gregory and wife, agree-
ing to purchase these lots for $240, to be paid, $10 cash and
$7.50 per month.   The contract contained the following pro-
vision:

"In case of the failure of the party of the second part
to make either of the payments or perform any of the
covenants on his part or to pay all taxes, assessments, and
impositions before delinquency, this contract shall be for-
feited and determined at the election of the said parties of

[1]Reported in 101 Pac. 829.

the first part. But said parties shall not be obliged to give any notice to said second party of such election, and the said party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said parties of the first part in full satisfaction and liquidation of all damages by them sustained, and they shall have the right to reenter and take possession of said land and premises and every part thereof. It is mutually agreed that time is and shall be the essence of this contract."

Payments were made upon the contract substantially as agreed, until September, 1907. In the meantime, on April 26, 1905, the appellant obtained a judgment in the superior court of Pierce county against H. L. Cory, for $456 and costs. After September, 1907, Cory made no further payments upon the contract for the purchase of the lots, on which contract there was then due $22.95. He was requested upon different occasions by the agent of Mr. Gregory to complete his payments, but he refused to do so, saying he had been informed that if he acquired the title, appellant, on account of the judgment above named, would take the lots away from him.

On December 20, 1907, Mr. Cory, being three months in arrears in his payments, was notified that, unless he made his payments, his contract would be forfeited. He then stated that he was "not going to make any more payments on that contract," and was then told that the contract was at an end. On the next day Gregory and wife conveyed the property to E. F. Gregory & Co., a corporation, in which they were the principal stockholders. The lots were vacant and unoccupied lots during all the times herein mentioned. On December 28, 1907, the appellant, in supplemental proceedings in aid of the judgment against Cory, procured a temporary restraining order against the Gregorys, restraining them from conveying the lots. This restraining order was dissolved on January 14, 1908. On that same day the appellant caused an execution on the judgment of April, 1905, against Cory, to be levied upon the interest of Cory

in the lots in question, and afterwards, in February, 1908, the said interest was sold and bid in by the appellant. On February 21, appellant made a tender of $23.50 in payment of the balance due on the contract between Cory and Gregory and wife, which the latter refused.

It is plain under these facts, which are. undisputed, that the appellant has no interest in the property. The title never was conveyed to Cory. He did not have possession. He had a contract for purchase merely. This contract provided that time was of the essence of it and, if payments were not made as agreed, it might be forfeited without notice. It was forfeited after notice for failure to perform by Cory. At the time of its forfeiture, Cory was notified and declined to finish the payments. The interest of the judgment creditor was no greater than that of the judgment debtor. No levy was made upon the lots or of Cory's interest therein while the contract was alive and capable of being enforced. Appellant waited until after the contract was forfeited and Cory's interest gone before he attempted to levy upon the property. After forfeiture, Cory himself could not restore his interest without the consent of the other party to the contract, and it follows, of course, that one holding under Cory could not do so.

Even if the rule is as contended for by appellant, that a judgment creditor has a lien on the equitable estate of the judgment debtor, such lien would cease when the equity ceased. In this case the equitable estate of Cory in these lots depended on the life of the contract of purchase. It was liable to forfeiture upon. nonperformance. The forfeiture as to him meant a forfeiture as to all claiming through him. Otherwise the contract would be of no avail to the seller for whose benefit this clause was inserted. The tender made by the appellant after forfeiture could not reinstate the contract any more than a tender by Mr. Cory, and was therefore of no avail.

It is suggested by appellant that there was collusion be-

tween Cory and Gregory, and that the contract was forfeited;
on that account. We think there is not sufficient in the evi-
dence to show such fact. When payments were in arrears,
Mr. Gregory's agent insisted on payment and notified Cory
several times to pay, and was finally told that the reason pay-
ment was not made was that Cory believed the lots would:
be taken away from him by the appellant, and that he did.
not propose to put anything more into them. The con-
tract was clearly subject to forfeiture, and was afterwards.
declared forfeited.

We think the trial court properly dismissed the action, and:
the judgment must therefore be affirmed.

RUDKIN, C. J., GOSE, FULLERTON, CHADWICK, and CROW,.
JJ., concur.

PARKER, J., having been of counsel, took no part.