[No. 30443. Department Two. March 12, 1948.]

EDWIN D. ECKLEY *et al., Appellants,* v. BONDED ADJUSTMENT COMPANY *et al., Respondents.*[1]

[1]Reported in 190 P. (2d) 718.

*Carl W. Swanson,* for appellants.

*Clarke & Eklow,* for respondents.

BEALS, J.—Anna Margret Harnisch, a widow, residing at Tekoa, Washington, by a written contract bearing date December 1, 1943, agreed to sell to Clifford H. Eckley and Annette E. Eckley, husband and wife, then residing at Spokane, lot 5 in block 13 of Broadview Addition to Spokane Falls, now Spokane, Spokane county, Washington, for thirteen hundred dollars, fifty dollars of which was paid in cash, the balance to be paid in monthly installments of twenty-five dollars each, with interest. The contract contained the usual clause providing for forfeiture upon non-payment of any monthly installment. The vendees took possession of the property, residing in a small cottage located thereon.

The defendant in this action, the Bonded Adjustment Company, a corporation, having brought a suit against the Eckleys, recovered judgment against them, by default, September 8, 1944, for the sum of $211.28, including costs. At the time of the rendition of the judgment, the Eckleys were

still in possession, under their contract of purchase, of the property referred to above.

During the summer of 1945, Clifford Eckley was absent from home, in the employ of the Federal merchant marine, and Mrs. Annette Eckley was without sufficient funds for the support of herself and her child. Edwin D. Eckley (Clifford Eckley's brother) made the payments due upon the real-estate contract for the months from July to October, both inclusive, 1945.

Annette E. Eckley filed before the superior court for Spokane county, September 5, 1945, a complaint against Clifford H. Eckley, praying for a decree of divorce and asking, *inter alia,* that the equity of the parties in the real estate above described and the contract be awarded to her.

During the month of October, 1945, the plaintiffs in this action, Edwin D. and Cora E. Eckley, husband and wife, moved into the premises above described, and proceeded to remodel the building located thereon so that it could be used as a restaurant or fountain lunch, a bakery, and for the sale of confectionery. Annette E. Eckley and her child continued to reside in the premises with her brother-in-law and his wife.

The defendant Bonded Adjustment Company, November 2, 1945, caused an execution to be levied upon its judgment against Clifford and Annette Eckley. The execution was levied upon the property above described, and a notice of sale was posted upon the premises and called to the attention of plaintiff Edwin D. Eckley. The premises were sold at sheriff's sale, December 8, 1945, to the plaintiff (the defendant here) for the sum of ten dollars. Edwin Eckley attended the sale, but made no bid.

Immediately thereafter, the defendant demanded possession of the premises from the Eckleys, who refused to deliver possession, the plaintiffs having maintained possession of the premises ever since.

An interlocutory order was entered in the action for divorce brought by Annette Eckley, December 13, 1945, the equity in the premises above described being thereby awarded to her.

December 14, 1945, plaintiff Edwin Eckley paid to Mrs. Harnisch the balance due on the real-estate contract covering the premises above described, such balance then amounting to $777, and received from Mrs. Harnisch a warranty deed to the premises, Edwin D. and Cora E. Eckley being named as grantees.

On the same day, Annette Eckley and Edwin Eckley signed a written agreement whereby Annette Eckley, for a valuable consideration, sold, assigned, and set over to Edwin Eckley all her right, title, and interest in and to the contract between Mrs. Harnisch, as vendor, and Clifford and Annette Eckley, as vendees.

A few days later, the defendant Bonded Adjustment Company again demanded possession of the premises from the Eckleys, who again refused to deliver possession.

December 6, 1946, Edwin D. Eckley deposited with the sheriff of Spokane county the sum of $10.80, demanding a certificate of redemption of the premises from the sheriff's sale above referred to, and received such a certificate.

December 28, 1946, defendant caused a second execution to be levied against the property, based upon its judgment referred to above, and, January 13, 1947, this action was instituted by plaintiffs Edwin D. and Cora E. Eckley, naming as defendants the Bonded Adjustment Company, a corporation, and Ralph M. Smith, as sheriff of Spokane county, Washington.

In this opinion, we shall refer to defendant Bonded Adjustment Company, a corporation, as the sole defendant (respondent) in the action.

The action was tried upon plaintiffs' second amended complaint and the defendant's answer thereto.

The gist of plaintiffs' complaint is that they were the owners in fee simple of the property above described, pursuant to the deed above referred to, delivered to them by Mrs. Harnisch, dated December 14, 1945. Plaintiffs' complaint contains allegations covering the contract between Mrs. Harnisch and Clifford H. and Annette Eckley, referred to above, and also the entry of judgment in defendant's favor against Clifford H. and Annette Eckley, the levy of

execution on the property pursuant to that judgment, the sale of the property, and the redemption by plaintiffs from that sale. Plaintiffs then allege the alias execution issued by defendant upon its judgment and the second levy upon the property pursuant to that execution, and that plaintiffs' title to the premises is clouded by the levy.

Plaintiffs demanded judgment quieting their title to the property, enjoining defendant from proceeding under the pending execution, awarding plaintiffs judgment against defendant for damages in the amount of two hundred fifty dollars, and prayed for equitable relief.

Defendant answered, denying plaintiffs' ownership of the property, pleading the contract between Mrs. Harnisch, as vendor, and Clifford and Annette Eckley, as vendees, alleging that this contract was in good standing December 14, 1945; that plaintiffs could receive title to the property only by assignment by Clifford and Annette Eckley of their contract to purchase the premises, and that the assignment of that interest in the contract, executed by Annette Eckley and not by Clifford H. Eckley, was insufficient to operate as an assignment of the real-estate contract.

Defendant further alleged that, at the time of the assignment, the community of Clifford and Annette Eckley owned no interest in the property because of the sale by the sheriff under the first levy, pursuant to defendant's judgment. Defendant further alleged that plaintiffs had no right to redeem the property, and that any certificate of redemption delivered to them by the sheriff was void and of no effect.

Defendant pleaded affirmatively that the interest of Clifford and Annette Eckley in the property which was sold pursuant to the first levy above referred to, was personal property and that there was no right of redemption from that sale, and, in the alternative, that, if the interest of Clifford and Annette Eckley constituted real estate, defendant was entitled to the immediate possession of the premises and became entitled to rents and profits arising therefrom during the period of redemption; that Annette Eckley had no title or equity in the property capable of assignment, and that plaintiffs had no right to redeem from the sheriff's sale,

they having acquired only the rights held by Clifford and Annette Eckley under the latter's contract of purchase. Defendant further alleged that a conspiracy existed between all the Eckleys and Mrs. Harnisch to defeat defendant's lien upon the property, and that the rental value of the property was fifty dollars a month. Defendant prayed for dismissal of the action, and for relief in accordance with the allegations in its answer.

Plaintiffs replied with denials to the affirmative allegations in defendant's answer.

The cause was tried to the court, and resulted in findings, in the main, as above set forth. The court further found that the plaintiffs failed to prove any recoverable damages against the defendant, and that the reasonable rental value of the premises, during the year of redemption, amounted to ten dollars a month.

The trial court concluded that the plaintiffs were entitled to a decree enjoining the sheriff from selling the premises in question, pursuant to the execution upon the deficiency judgment owned by defendant, which was levied on the property December 28, 1946, because the deficiency judgment, at the time of the levy, was not a lien against the real estate, the property having been acquired by the plaintiffs December 14, 1945, then subject only to the sheriff's sale of December 8, 1945, and defendant's rights under that sale.

The court further concluded that plaintiffs were not entitled to recover any damages against the defendant, no damages having been proved; that, December 8, 1945, upon the purchase at the sheriff's sale, the defendant became entitled to the immediate possession of the premises and to the rents and profits thereof; that possession was demanded by the defendant and refused by plaintiffs, and that the defendant was entitled to recover from plaintiffs the reasonable rental value of the premises from December 8, 1945, to December 8, 1946, at the rate of ten dollars a month, or a total of one hundred twenty dollars. The court, in its conclusions of law, further stated:

"That said Bonded Adjustment Company is entitled to recover against plaintiffs as set forth for the additional

reason that this is an equity case and in asking this Court to do equity, the plaintiffs themselves must offer to do equity by reimbursing said Bonded Adjustment Company for having deprived it of the possession of said premises during the period of redemption."

Finally, the court concluded that neither party to the action should recover costs against the other, and judgment was entered, September 13, 1947, denying plaintiffs' claim for damages against defendant, enjoining the sheriff from proceeding with the sale of the property, awarding the defendant judgment against plaintiffs, on its cross-complaint, in the sum of one hundred twenty dollars, together with interest, and providing that neither party should recover judgment for costs.

From this judgment, plaintiffs have appealed. The defendant prosecuted no cross-appeal.

While, in an equitable proceeding, the trial court is not required to enter findings of fact and conclusions of law, it is not improper for the court to do so, and findings of fact, in cases where the facts are in dispute, are frequently helpful on appeals in such cases, although this court is not bound thereby to the same extent as in cases at law.

Appellants assign error upon the denial of several trial motions to strike from respondent's answer; upon the court's order overruling appellants' demurrer to respondent's counterclaim and cross-complaint; upon the court's order overruling appellants' demurrer to respondent's third, fourth, and fifth affirmative defenses; upon the court's refusal to quiet appellants' title to the premises against all claims on the part of respondent; upon the entry of two of the court's findings; upon the court's refusal to make a conclusion of law to the effect that the judgment in question never was a lien upon the property which is the subject matter of this lawsuit, and upon the making of three conclusions of law. Appellants also assign error upon the court's refusal to enter findings of fact proposed by appellants, upon the refusal of the trial court to award damages to appellants, and upon the entry of the judgment appealed from.

It may be noted that the court's finding No. 11 includes a finding that, on a date specified therein, appellants "secured an assignment signed by the said Clifford H. Eckley and Annette E. Eckley purporting to assign to them the interest" of the assignors in the real-estate contract referred to hereinabove. The assignment is in evidence and was executed by Annette E. Eckley, as sole assignor, and by appellant Edwin D. Eckley, as assignee, the assignee agreeing to make the payments due and to become due on the contract. The instrument contains the following paragraph:

"The intention herein is to convey, and transfer in this contract all the rights she may now have and also all the rights, that the first party will acquire in said property above described, in the entry of a decree of divorce when same has been entered."

No other assignment is found in the record.

Parenthetically, it may be noted that Annette Smith was called as a witness by appellants, testifying that she was formerly the wife of Clifford H. Eckley.

The pleadings are complicated, and, at the close of the evidence, the court took the matter under advisement, filing a memorandum opinion a few days later. The findings, conclusions, and judgment were not entered for over two months thereafter.

The original contract, whereby Mrs. Harnisch agreed to sell the property to Clifford and Annette Eckley, which was introduced in evidence, does not show that that contract was ever filed for record in the office of the auditor for Spokane county.

Appellants, apparently, argue that respondent's judgment did not become a lien on appellants' interest in the real estate, pursuant to the contract above referred to, and also argue that no vendee's interest in real estate, under such a contract, can be subjected to the lien of a judgment against the vendee.

Such a vendee's interest, under a contract for the sale and purchase of real estate, has been held subject to attachment at the suit of a creditor of the vendee.

In the case of *Casey v. Edwards,* 123 Wash. 661, 212 Pac. 1082, it was held that a judgment creditor of a vendee under a contract of sale had the right to set aside a quitclaim deed, executed by the vendee in the contract, conveying all of the vendee's interest in the real estate. It was held that the vendee under an executory contract for the purchase of real estate has, while the contract is in good standing, an interest in the real property which is subject to execution.

In *Hess v. Starwich,* 149 Wash. 679, 272 Pac. 75, the same rule was applied as to personal property purchased under a conditional sale contract.

In *State ex rel. Oatey Orchard Co. v. Superior Court,* 154 Wash. 10, 280 Pac. 350, this court, sitting *En Banc,* again held that a vendee purchasing real estate under an executory contract had "rights in the property covered by the contract which come within the designation of real property," and that such rights were subject to a writ of attachment levied in the manner provided for the levying of the writ upon real property.

To be subjected to such a lien, the interest of the judgment debtor, under the contract of purchase, must be an existing interest under a contract which has not been forfeited or abandoned prior to the levy. In the case at bar, there is no suggestion in the evidence that, prior to the levy, the vendor, Mrs. Harnisch, had declared the contract to be forfeited, nor does it appear that the contract had ever been abandoned. Apparently, appellant Edwin Eckley had kept the contract in good standing, either for the benefit of the vendees therein named or for his own advantage.

In the case of *Epley v. Hunter,* 154 Wash. 163, 281 Pac. 327, we held that the interest of a vendee under a contract for the purchase of real estate, who was in possession pursuant to such an executory, forfeitable contract, is subject to levy in the manner provided by statute for reaching real property.

Rem. Rev. Stat., § 445 [P.P.C. § 68-1], provides, *inter alia,* that "The real estate of any judgment debtor . . . shall be held and bound to satisfy any judgment" rendered by a court of this state, and that such judgment

shall be a lien thereon, as further provided by law. If the judgment lien attaches, the lien is effective from the date of the entry of the judgment. If the lien does not so attach, it is, of course, effective only from the date of the levy upon the particular property in question.

This court, in *Heath v. Dodson*, 7 Wn. (2d) 667, 110 P. (2d) 845, held that a judgment recovered against a vendor, who had contracted to sell real estate by an executory contract, becomes a lien upon the vendor's interest in the property to the extent of the unpaid purchase price.

In the case of *Lawson v. Helmich*, 20 Wn. (2d) 167, 146 P. (2d) 537, 151 A. L. R. 930, this court, after discussing several of our previous decisions, laid down the rule

". . . that the vendee under a forfeitable executory contract has a right in the land, which, coupled with possession, is sufficient to entitle him to bring an action for damages for injury to the land."

In the recent case of *Turpen v. Johnson*, 26 Wn. (2d) 716, 175 P. (2d) 495, we held that a vendee under an executory contract for the sale of real estate could contest a suit by a third party to quiet title by interposing any defense permitted by law.

Appellants argue that the interest of a vendee in an executory contract for the purchase of real estate may not be subjected to levy under a judgment against the vendee. In support of their contention, appellants cite several of our decisions, among them *Johnson v. Sekor*, 53 Wash. 205, 101 Pac. 829, in which it appeared that a judgment creditor of the vendee had levied upon the interest of the vendee in certain real estate, which the vendee had contracted to purchase by an executory contract, paying the price in installments. The vendee had never been in possession of the premises, and the contract had been forfeited by the vendor for nonpayment of the installments due under the contract, prior to the date of the levy pursuant to the creditor's judgment. It was held that the judgment creditor obtained no rights by the levy, as the judgment debtor's rights under the executory contract had been terminated by notice prior to the time the levy was made. The court suggested, without

advancing any conclusion, that a different question would have been presented if the judgment debtor, at the time of the levy, had had an equitable estate in the land, stating that the vendee's equitable estate depended upon the continued existence of the contract of purchase.

In this connection, appellants also cite the recent case of *Hopper v. Williams,* 27 Wn. (2d) 579, 179 P. (2d) 283, which was an action for rescission brought by the vendee in a contract for the purchase of real and personal property, based upon the ground of alleged fraudulent misrepresentations. The case is not in point here.

Appellants cite *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, which was also an action for rescission instituted by the vendee named in an executory contract for the sale of real estate. This case has frequently been the subject of discussion in cases involving questions arising under executory contracts for the sale of real estate. In view of our later decisions, it is not controlling here.

In the cases above referred to, this court has held that the interest of a vendee in such a contract is subject to attachment at the suit of a creditor of the vendee. It follows, then, that the equitable interest or estate of a vendee in real estate which is the subject of an executory contract for the sale thereof, is subject to levy pursuant to a judgment against the vendee, assuming, of course, that the judgment supports the issuance of an execution and levy. This rule is supported by the text in 2 Freeman on Judgments (5th ed.) 2026, § 965:

"We have already shown that the lien of a judgment attaches to the real as contradistinguished from the apparent interest of the judgment debtor. It follows from this rule that upon the recovery and docketing of a judgment against a vendor or a vendee, the interest which may pass by any sale made to render such lien available will be governed, if the lien is against the vendee, by the proportion of the purchase money paid by him; and if it is against a vendor who retains the legal title, by the portion of purchase money remaining unpaid."

Appellants apparently contend that Annette Eckley had, prior to the levy, agreed to assign the contract with

Mrs. Harnisch to appellant Edwin Eckley. Of course, Annette Eckley could make no binding contract to dispose of community property while she remained the wife of Clifford Eckley. She did make such a written assignment the day after the entry of an interlocutory order in the action which she had instituted for a divorce, but, of course, she was still the wife of Clifford Eckley, no decree of divorce having then been entered. While the record shows that this lady testified as a witness, stating that her name was then Annette Smith, the record does not disclose that any decree of divorce was ever entered, pursuant to the interlocutory order referred to above.

The order for an execution by the sheriff was issued November 2, 1945, and the sheriff certified that he levied the execution on the property in question on the same day.

As above stated, on the 6th day of December, 1946, appellant Edwin D. Eckley redeemed the property from this sale and received a certificate of redemption bearing date December 8, 1946. Mrs. Harnisch had conveyed the property to appellants by warranty deed dated December 14, 1945. The trial court found these facts, and the findings are amply supported by the evidence.

Respondent's judgment against Clifford and Annette Eckley, which was rendered September 8, 1944, was sufficient basis for an execution on the judgment and a levy against the Clifford Eckleys' interest in the property, under their contract with Mrs. Harnisch for the purchase of the land. Whether, when appellants took possession of the property, they were tenants at will, licensees, or tenants from month to month, is unimportant. Their rights were subordinate to the lien of the judgment, as executed by the levy pursuant thereto.

Appellants' contention that the levy was invalid is without merit.

Respondent made demand upon appellants Eckley for possession of the premises, but, upon appellants' refusal to surrender possession, no further steps were taken by respondent to obtain possession.

On the trial, respondent contended that it was entitled to the rents or the value of the use and occupation of the premises from the time of its purchase under the execution and levy until appellant Edwin Eckley redeemed the property from the sale, and the trial court awarded respondent judgment for one hundred twenty dollars, in accordance with respondent's contention. Appellants assign error upon this award.

It appears, from the record, that respondent, pursuant to the first levy upon the property and the sale thereunder to respondent, demanded of appellants possession of the property, and that the demand was not complied with.

Under Rem. Rev. Stat., § 600 [P.P.C. § 51-43], the purchaser of real estate, such as that with which we are here concerned, pursuant to levy and sale under execution, is entitled to receive, from the tenant in possession, the rents of the property sold or the value of the use and occupation thereof. The section further provides that, upon redemption from the sale, the net amount of such rents and profits shall be a credit upon the redemption money to be paid.

Appellants argue that, as, in the case at bar, the judgment against appellants for one hundred twenty dollars greatly exceeds the amount paid to redeem the property from the sale, the judgment, in so far as it granted respondent judgment against appellants for one hundred twenty dollars, is erroneous and, to that extent, should be modified by striking therefrom the award in respondent's favor. This portion of the judgment was based upon the trial court's conclusion of law that, from the facts found, respondent was entitled to recover from appellants the reasonable rental value of the premises from the date of sale to the time of redemption, in the amount above referred to, and that respondent was entitled to this award, *inter alia,* because the action is one in equity, instituted by appellants, and that appellants should, in turn, do equity by reimbursing respondent for having deprived it of possession of the premises during the redemption period.

Several questions, both of fact and law, disclosed by the record, and which inhere in the judgment before us, are

novel; but, in the absence of a cross-appeal, the judgment fixes the law of the case, in so far as respondent is concerned.

Appellants occupied a rather anomalous position, in regard to the property here in question, before and after the sale to respondent under the first execution and levy upon the property and until the redemption thereof. Upon the record before us on appellants' appeal, it is not necessary to determine the exact nature and extent of the rights of the parties to this action during that period.

Appellants' action being one in equity, neither findings of fact nor conclusions of law were necessary, and the case is before us upon the entire record. The opinion of the trial court, however, as disclosed by the record, is entitled to consideration, and we hold that the trial court did not err in awarding respondent judgment against appellants for one hundred twenty dollars, as the value of the use and occupation of the premises for the period between the sale and the redemption of the property.

Appellants assign error upon the refusal of the trial court to quiet their title to the property as against respondent's judgment. The trial court did no more than permanently enjoin the sheriff of Spokane county and his successors from selling the property at sheriff's sale "on the execution levied out of this Court on December 28, 1946," in the case of respondent, as plaintiff, against Clifford H. and Annette E. Eckley.

By the judgment, the court determined that respondent's judgment was not a lien upon the property in question at the time of the levy of December 28, 1946. This, then, is the established law of the case, and, that being so, appellants were entitled to a judgment quieting their title to the property above described as against respondent's judgment against Clifford and Annette Eckley.

The trial court did not err, as contended by appellants, in refusing to award appellants judgment against respondent for damages which appellants alleged they suffered because of the levy, issued at respondent's instance, against the

property. Appellants' other assignments of error are without merit.

The cause will be remanded to the superior court with instructions to amend the judgment by adding thereto appropriate words quieting appellants' title to the property as to respondent's judgment.

In all other particulars, the judgment appealed from is affirmed.

As above stated, the judgment appealed from provides that neither party to the action should recover judgment for costs. No costs will be taxed in this court in favor of either party.

MALLERY, C. J., STEINERT, JEFFERS, and SCHWELLENBACH, JJ., concur.

[1]Reported in 190 P. (2d) 762.