[No. 12914–7–I.   Division One.   August 19, 1985.]

RONALD E. DAVIS, *Appellant,* v. REDE REALTY, INC., *Defendant,* HOOT LOWRIMORE, ET AL, *Respondents.*

*Ruthford & Woodbery* and *John Woodbery,* for appellant.

*Lawrence J. Warren,* for respondents Lowrimore.

*Jensen & Black* and *Stephen R. Black,* for respondent Mechanical Installers.

SCHOLFIELD, J.—Ronald E. Davis appeals the denial of his motion for summary judgment and the grant of summary judgment to Hoot Lowrimore and Nadine Lowrimore, husband and wife, d/b/a Success Roofing (Lowrimore), and Mechanical Installers, Inc. (Mechanical). Rede Realty, Inc. is not a party to this appeal. We reverse.

## FACTS

The parties do not disagree as to the critical facts. Davis sold the subject real estate by real estate contract dated August 24, 1979, to Upton Enterprises, Inc. (Upton). The contract was recorded in King County September 5, 1979. Lowrimore obtained a judgment against Upton on November 26, 1980. Mechanical obtained judgment against Upton on September 24, 1980. Neither Lowrimore nor Mechanical gave actual notice to Davis of its judgment against Upton. On March 1, 1982, Upton signed a "Relinquishment of Real Estate Contract", also signed by Davis, wherein Davis agreed Upton was released from all further liability under the contract, and Upton agreed the contract "has been abandoned and that all rights thereunder forfeited." This agreement was recorded March 9, 1982. It is conceded that Davis gave no notice of the relinquishment agreement to Lowrimore or Mechanical.

On October 13, 1982, Davis filed a complaint seeking to quiet his title to the subject property and naming Rede Realty, Inc., Lowrimore and Mechanical as defendants. All parties except Rede Realty, Inc., moved for summary judgment. The trial court denied Davis' motion and granted the

motions of Lowrimore and Mechanical, holding that Davis' title was subject to their judgment liens. The judgment gave Lowrimore and Mechanical the right to execute upon the subject property.

## NOTICE

Davis contends that a vendor and a vendee may enter into an agreed forfeiture of the vendee's rights under a real estate contract and thereby extinguish the rights of judgment creditors of the vendee without notice to the judgment creditors if the vendor has no actual knowledge of their judgments. We agree with Davis.

■ *Kendrick v. Davis,* 75 Wn.2d 456, 452 P.2d 222 (1969) is dispositive on the issue of notice. In *Kendrick,* the vendee defaulted and the vendor forfeited the vendee's interest in the contract by sending him a notice of intent to forfeit and then a declaration of forfeiture. In a subsequent quiet title action, two mortgagees asserted liens against the property. The court held that if the vendor had actual notice of the mortgagee's interest, "he would be required to recognize their interests and give them notice of any intent to forfeit the contract." *Kendrick,* at 461. There was no actual notice to the vendor of the mortgagee's interest, and the court held that the recording of the mortgages "did not give constructive notice of their existence to the vendor who was an antecedent party in the chain of title." *Kendrick,* at 464. In so holding, the Supreme Court expressly overruled *Norlin v. Montgomery,* 59 Wn.2d 268, 367 P.2d 621 (1961).

Davis asserts that he had no actual knowledge of the judgment liens of Lowrimore and Mechanical, and Lowrimore and Mechanical do not contend otherwise. Lowrimore and Mechanical were not entitled to notice of the agreed forfeiture.

### Cascade Security Bank v. Butler

Both judgment creditors and the trial court relied upon *Cascade Sec. Bank v. Butler,* 88 Wn.2d 777, 567 P.2d 631 (1977). However, *Cascade* is readily distinguishable on its

facts. In *Cascade,* the vendee had a judgment entered against him some years after purchasing property by real estate contract. He then conveyed his vendee's interest to a third party who, in turn, conveyed to a fourth party. The court held that a vendee's interest in a real estate contract is "real estate" under the judgment lien statutes and that a vendee's interest is transferred to third parties subject to outstanding judgment liens. However, in *Cascade* the vendee's interest was not forfeited but was assigned to a third party. The real estate contract and the vendee's interest thereunder remained in full force and effect. Thus, the key factor in this case, extinguishment of the vendee's interest, was not present in *Cascade.*

### OTHER CONTENTIONS

Mechanical contends that because Davis did not follow strictly the forfeiture procedure set forth in the contract, no forfeiture occurred. The contention is that the alleged "relinquishment" is but a transfer of the vendee's interest subject to judgment liens, consistent with *Cascade.* No authority is cited in support of this theory on the effect of the agreed relinquishment and we find it unpersuasive. Davis was exercising his rights under the forfeiture provisions in the contract.[1] We fail to see any material difference between sending notices of intent and declarations of forfeiture through the mail and simply accomplishing the

---

[1]The real estate contract provides:

"Time is of the essence of this contract, and it is agreed that in case the purchaser shall fail to comply with or perform any condition or agreement hereof or to make any payment required hereunder promptly at the time and in the manner herein required, the seller may elect to declare all the purchaser's rights hereunder terminated, and upon his doing so, all payments made by the purchaser hereunder and all improvements placed upon the real estate shall be forfeited to the seller as liquidated damages, and the seller shall have the right to re–enter and take possession of the real estate; and no waiver by the seller of any default on the part of the purchaser shall be construed as a waiver of any subsequent default.

"Service upon purchaser of all demands, notices or other papers with respect to forfeiture and termination of purchaser's rights may be made by United States Mail, postage prepaid, return receipt requested, directed to the purchaser to his address last known to the seller."

same result through a voluntary agreement. In each case, the result is the same. The rights of the vendee are extinguished.

CONCLUSION

The relinquishment agreement between Davis and Upton extinguished Upton's interest in the subject property. There was no interest left against which the judgment liens of Lowrimore and Mechanical could lodge. Davis was not required to give notice to Lowrimore and Mechanical because he did not have actual notice of their judgment liens.

The judgment is reversed and the case remanded to the trial court for entry of a judgment quieting title to the subject real estate in Davis, free and clear of the judgment liens of Lowrimore and Mechanical.

CORBETT, C.J., and RINGOLD, J., concur.