21 P.3d 325 (2001)
105 Wash.App. 807
Ronald C. HAUF, a single man, Appellant,
v.
Monte J. JOHNSTON, a single man; and Washington Mutual Savings Bank, a Washington Corporation, Respondents.
No. 19379-9-III.
Court of Appeals of Washington, Division 3, Panel Nine.
April 19, 2001.
John Montgomery, Montgomery & Carroll, Spokane, for Appellant.
Raymond L. Davis, Pacific Northwest Title Co., Seattle, for Respondents.
KATO, J.
Does the sellers' acceptance of a quitclaim deed from the purchasers, in lieu of foreclosure, extinguish a judgment lien that was obtained by a creditor of the purchasers? The superior court held that it did, based upon its finding that the quitclaim deed amounted to an abandonment of the purchasers' interest in the property before the creditor levied upon it. The court therefore dismissed the judgment creditor's action to foreclose his lien. We reverse because the facts do not support a finding of abandonment, but rather support a finding that the purchasers and sellers entered an agreed forfeiture. In accomplishing the agreed forfeiture, *326 the sellers did not comply with the Real Estate Contract Forfeiture Act, RCW 61.30. The Act required the sellers to provide notice of forfeiture to a "holder ... of any ... liens upon ... the property derived through the purchaser." RCW 61.30.040(2)(a).
Ronald Hauf obtained a money judgment against Joseph and Jane Doe Burglin in March 1997 and recorded it in December 1997. In March 1998, Mr. and Mrs. Burglin quitclaimed to their sellers "in [l]ieu of [f]oreclosure," property that they were purchasing under a real estate contract.[1] Ex. 3. The record does not establish the amount of equity, if any, that the Burglins had in the property at the time they executed the quitclaim deed to their sellers. Indeed, the terms of the contract are unknown. Tim Boze, president of Pacific Northwest Title Company of Spokane County, stated that he had searched for a copy of the Burglins' real estate contract, but could not find it. And Richard Bergdahl, counsel for Monte Johnston, could not locate the Burglins, their sellers, or the attorney who drafted the contract.
After the Burglins quitclaimed their interest in the property to their sellers, the sellers sold the property to Monte J. Johnston, who executed a deed of trust to Washington Mutual Bank. This sale took place in June 1998. In November 1998, Mr. Hauf filed a complaint to foreclose his judgment lien against the property formerly owned by the Burglins and now owned by Mr. Johnston. In the alternative, Mr. Hauf asked for an order declaring that the property was subject to a writ of execution by operation of the lien. In his answer, Mr. Johnston asserted as an affirmative defense that the Burglins had quitclaimed their interest in the property to the sellers, in lieu of foreclosure.
The superior court found that the Burglins had abandoned their interest under the real estate contract when they executed the quitclaim deed. Since Mr. Hauf's judgment lien was against the Burglins' interest and the Burglins had abandoned that interest, the court dismissed Mr. Hauf's foreclosure action. He now appeals.
In support of the superior court's decision, Mr. Johnston cites Kendrick v. Davis, 75 Wash.2d 456, 452 P.2d 222 (1969). There, the seller sought to quiet title to certain real property after the purchasers stopped making payments under a real estate contract and forfeited their interest. Two assignees of the purchasers opposed the seller's action and tendered the amount due by the purchasers under the contract. The superior court reinstated the contract because the seller had not notified the assignees of his intent to forfeit the purchasers' contract.
On appeal, the Supreme Court reversed. The court framed the issue as whether the seller's declaration of forfeiture to the purchasers was effective as to the purchasers' assignees. Id. at 460-61, 452 P.2d 222. The court held it was. Specifically, the seller did not have to notify the assignees because he had no actual knowledge of their interests, which came into existence after he and the purchasers had entered into the real estate contract. Id. at 462-63, 452 P.2d 222. Moreover, the recording of the assignees' interests did not give constructive notice to the seller, who was an antecedent party in the chain of title. Id. at 464, 452 P.2d 222. The court concluded that "[t]he contract was forfeited in accordance with its terms and there is no purchaser's interest remaining in the realty upon which the assignees' ... claims can attach." Id. at 465, 452 P.2d 222. See also Davis v. Rede Realty, Inc., 41 Wash. App. 527, 529, 704 P.2d 1250 (1985) ("[A] vendor and a vendee may enter into an agreed forfeiture of the vendee's rights under a real estate contract and thereby extinguish the rights of judgment creditors of the vendee without notice to the judgment creditors if the vendor has no actual knowledge of their judgments." (Emphasis added)).
Mr. Hauf argues that Kendrick and Davis do not apply here because they predate the Washington Legislature's adoption of the Real Estate Contract Forfeiture Act, RCW 61.30, in 1985. That Act requires a forfeiting *327 seller to notify "claimants of record ... [who have] liens upon ... the property derived through the purchaser." RCW 61.30.040(2)(a).
Mr. Johnston points out that the Act also specifies that "[t]his chapter shall not be construed as prohibiting or limiting any remedy which is not governed or restricted by this chapter and which is otherwise available to the seller or the purchaser." RCW 61.30.020(1). However, the sellers in both Kendrick and Davis took back the properties in question after declaring a forfeiture. Forfeiture is a "remedy [that is now] governed... by" the Act. RCW 61.30.020(1). Here, the Burglins' quitclaim deed in lieu of foreclosure amounted to an agreed forfeiture of their interest in the property to the sellers. Therefore, the sellers were required under the Act to notify Mr. Hauf as a claimant of record of a lien upon the property derived through the purchasers. RCW 61.30.040(2)(a). Because the sellers did not notify Mr. Hauf of the forfeiture, his judgment lien was not extinguished by the Burglins' quitclaim deed in lieu of foreclosure.
Nevertheless, Mr. Johnston believes that the facts here are sufficient to support the superior court's finding that the Burglins had abandoned their interest in the property. In Schoneman v. Wilson, 56 Wash.App. 776, 783, 785 P.2d 845 (1990), the court held that "the doctrine of abandonment continues to have application under the common law to real estate contracts," even after the enactment of the Real Estate Forfeiture Act.
Schoneman is distinguishable from the facts here. That case concerned the rights of the seller and purchaser between themselves. At issue here is the lien right of the judgment creditor, a third party. Mr. Johnston does not cite any authority that supports the proposition that the judgment creditor's lien right is extinguished by the purchasers' voluntary transfer of their rights in the property by abandonment or otherwise.[2]
Alternatively, Mr. Johnston contends that this court can affirm the superior court on the ground that Mr. Hauf has not sustained his burden of proof under the law. Specifically, Mr. Johnston argues that Mr. Hauf had to prove the terms of the real estate contract because his lien was only against the amount of the Burglins' interest. Because the contract's terms are unknown and neither the Burglins nor the sellers are presently available, he cannot do so.
However, Title 6 RCW, pertaining to the enforcement of judgments, does not require the judgment creditor to prove the amount of the debtor's interest in real property prior to execution of a judgment lien. Rather, the law places the burden on persons claiming an interest in the property that is adverse to the debtor to prove what their interest is. "An adverse claimant to property levied upon may demand and receive the property from the sheriff who made the levy, upon ... affidavit that the property is owned by the claimant or that the claimant has the right to *328 the immediate possession thereof, stating on oath the value thereof, and giving to the sheriff a bond...." RCW 6.19.030(1). "If the claimant makes good on all or any part of the claim to title to the property ... judgment shall be entered for the claimant to the extent the claim has been established." RCW 6.19.060.
Here, Mr. Johnston is the successor to the sellers' interest in the property. In opposing Mr. Hauf's judgment lien, he has the burden under RCW 6.19.030(1) of showing the amount of the sellers' interest and that it had priority over Mr. Hauf's judgment lien. He is entitled to judgment in his favor only "to the extent [that] claim has been established." See RCW 6.19.060.
Reversed.
WE CONCUR: KURTZ, C.J., SWEENEY, J.
NOTES
[1] A "Notice of Real Estate Contract," signed by the Burglins and their sellers, was filed in June 1995. The notice stated that the contract was "being held in escrow at Claude K. Irwin, Jr., P.S., N. 1322 Monroe, Spokane, Wa. 99201." Ex. 1. The date the Burglins entered into the real estate contract is not evident in the record on appeal.
[2] Mr. Johnston also relies upon Eckley v. Bonded Adjustment Co., 30 Wash.2d 96, 190 P.2d 718, 1 A.L.R.2d 717 (1948), which he cites for the proposition that the Burglins had to have an existing interest in the property at the time Mr. Hauf filed his motion to foreclose his judgment lien. But, he reads too much into language the court used there. The court in Eckley stated that "[t]o be subjected to such lien, the interest of the judgment debtor, under the contract of purchase, must be an existing interest under a contract which has not been forfeited or abandoned prior to the levy." Id. at 104, 190 P.2d 718 (emphasis added). It cited no authority for this statement of law. And, the statement was not at issue in Eckley, because "[t]here [was] no suggestion in the evidence that, prior to the levy, the vendor... had declared the contract to be forfeited." Id.

Then, in the next paragraph, Eckley cites Rem. Rev.Stat. § 445 [P.P.C. § 68-1] as providing that "`[t]he real estate of any judgment debtor ... shall be held and bound to satisfy any judgment' [ordered] by a court of this state." Id. at 104, 190 P.2d 718. That statute is the predecessor to RCW 4.56.200(2), which provides that "[t]he lien of judgments upon the real estate of the judgment debtor commences, as follows: (1) ... judgments of the superior court for the county in which the real estate of the judgment debtor is situated, from the time of the entry thereof[.]" Again, without citation to authority, Eckley states that "[i]f the judgment lien attaches, the lien is effective from the date of the entry of the judgment. If the lien does not so attach, it is, of course, effective only from the date of the levy upon the particular property in question." Id. at 105, 190 P.2d 718. Since Eckley involved a judgment obtained in the same county as the debtor's real estate, and therefore commenced from the date of entry of the judgment, the "date of levy" was not material to the court's decision.