[No. 35504. Department Two. December 22, 1961.]

ROY NOKLIN, *Respondent*, v. WILBURN F. MONTGOMERY *et al.*, *Defendants*, MARIE PALMER, *Appellant*.*

*Reported in 367 P. (2d) 621.

*Newman H. Clark* and *Roy L. Cadwallader*, for appellant.

*Maslan, Maslan & Hanan*, for respondent.

OTT, J.—Marie Palmer, a widow, purchased from Ted C. Schy and Elsie M. Schy, his wife, a residence property which was subject to a prior real-estate contract in which they had sold the property to Wilburn F. Montgomery and wife. The Schy-Montgomery contract, dated September 24, 1954, fixed the consideration at $9,250, provided for a $1,500 down payment, installment payments of $65 a month, and forfeiture of the contract and right of possession upon default.

August 21, 1956, after Mrs. Montgomery's death, Mr. Montgomery mortgaged his equity in the contract to Roy Norlin for $1,770. Norlin recorded the mortgage in the office of the county auditor on August 22, 1956. Subsequently, Mrs. Palmer advanced $1,500 to Mr. Montgomery. Mrs. Palmer and Mr. Montgomery thereafter went to the

bank holding the contract for collection and, by endorsement, increased the amount of the real-estate contract payment schedule to include the advance.

Mr. Montgomery defaulted in the installment payments to both Mrs. Palmer and Norlin and, subsequently, abandoned possession of the property.

March 21, 1957, Mrs. Palmer gave written notice of forfeiture to Mr. Montgomery. March 25, 1957, Mr. Montgomery executed a quit claim deed of the premises which contained this provision: "It is the intention of this deed to cancel that certain contract dated September 24, 1954." Upon the execution of the deed, Mrs. Palmer took possession of the premises. When Mr. Montgomery deeded to Mrs. Palmer, he was indebted to her on the contract in the sum of $7,006.10 and on the advance in the sum of $1,500. He was indebted to Roy Norlin on the mortgage in the sum of $1,604.83.

April 15, 1957, Norlin's attorneys wrote a letter to Mrs. Palmer in part as follows:

"Mr. Norlin is entitled in law and in equity to take over that contract in view of the abandonment by the Montgomerys in order to protect his mortgage. Without waiving the right to institute immediate legal and equitable action, in order to prevent loss, we hereby on Mr. Norlin's behalf demand that he be recognized as above set forth. He is entirely willing to take over the original Schy-Montgomery real estate contract at the balance of approximately $7,000.00 or less and continue making the monthly payments thereon. We tender such performance on his behalf."

Mrs. Palmer refused the offer. She requested Norlin to pay the amount of the contract, plus the $1,500 advance.

Thereafter, on April 16, 1957, Norlin commenced this action to foreclose his mortgage. Mrs. Palmer's answer alleged "That the purported 'second mortgage' of the plaintiff is subsequent and inferior to the rights and title of the defendant," and, by cross-complaint, requested that title to the property be quieted in her.

From a decree foreclosing the mortgage and declaring it to be a lien on the real estate, and directing Mrs. Palmer to account to Norlin for the rents, issues, and profits from

the property since April, 1957, with an alternative right in Mrs. Palmer to pay to Norlin the sum of $1,604.24, plus interest and attorneys' fees, Mrs. Palmer has appealed.

Appellant assigns error to the court's finding that the Norlin mortgage is a first, prior, and preferred lien on the real estate, subject only to the vendor's interest in the contract exclusive of the $1,500 advance.

■ A purchaser of real estate under an executory contract has an interest in the property to the extent of his equity, which he can mortgage. *Nelson v. Bailey*, 54 Wn. (2d) 161, 338 P. (2d) 757, 73 A. L. R. (2d) 1400 (1959).

By August 21, 1956, Mr. Montgomery had reduced the real-estate contract from $9,250 to $7,111.84. Montgomery's equity as represented by these payments on the contract was given to Norlin as security for the payment of the loan. Applying the cited rule to the facts in this case, Norlin had a valid mortgage on Montgomery's equity.

■ Respondent contends that, by virtue of his mortgage being in default and possession abandoned by the mortgagor, his right to possession is superior to that of the appellant.

RCW 7.28.230 provides:

"A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law."

This statute prevents the owner of the mortgage, Norlin, from obtaining possession of the real property from the mortgagor, Montgomery, "without a foreclosure and sale according to law."

RCW 6.24.220 provides in part:

"In all cases where real estate . . . may hereafter be sold in pursuance of law . . . by virtue of execution, or other process issued upon a decree for the foreclosure of a mortgage . . . it shall be the duty of the sheriff . . . making such sale to execute and deliver to the purchaser, or other person entitled to the same a deed of conveyance of the real estate so sold immediately after the time for redemption from such sale has expired: . . ."

RCW 6.24.010, 6.24.020, 6.24.060, 6.24.090, and 6.24.100 establish the procedure for conducting an execution sale after a decree in foreclosure has been entered. RCW 6.24.190 establishes the possession and rental rights during the one-year redemption period.

We hold that Norlin, by virtue of his mortgage, had a lien upon the equity of Montgomery in the contract, and that his right as lien holder, upon the default of Montgomery, is limited to that statutory relief which the legislature has provided.

The mortgage foreclosure proceedings involved in this appeal did not reach an execution and sale because the decree of foreclosure was appealed prior to execution. We are concerned, therefore, only with those provisions in the decree which are inapplicable to the mortgage foreclosure proceeding and which should be stricken, retaining those which are apropos.

In this mortgage foreclosure proceeding, the court properly decreed (1) that Norlin, by virtue of his recorded mortgage, had a lien upon the equity of Montgomery in the contract, as that equity existed at the date of the mortgage; (2) that Mrs. Palmer could not abrogate the lien by accepting a quit claim deed to the property from Montgomery for the reason that, when Mrs. Palmer took the quit claim deed from Montgomery, she received no better title to his equity in the contract than he was able to convey, and (3) that the Norlin note and mortgage were in default and Montgomery's equity in the contract was subject to foreclosure and sale under statutory law.

■ The court erred in requiring the appellant to account for the rents, issues, and profits of the premises from April, 1957. Under the statutes and the facts of this case, Norlin, as mortgagee, has no right to possession until he is the successful bidder at an execution sale, and a sheriff's deed to the equity in the property has been received by him. RCW 6.24.220, 7.28.230, *supra*. The appellant's quit claim deed from Montgomery entitled her to possession of the premises and the rents, issues, and profits therefrom.

■ The appellant contends that the quit claim deed, by its terms, cancelled the contract and, therefore, there is no contract that Norlin, the mortgagee, can enforce. We do not agree that the contract was cancelled. Norlin's mortgage was recorded at the time the appellant accepted the quit claim deed, and she had constructive notice of the encumbrance which Montgomery had placed upon his equity in the property. *Strong v. Clark*, 56 Wn. (2d) 230, 352 P. (2d) 183 (1960). Mrs. Palmer and Montgomery, because of the Norlin mortgage, could not cancel the contract without a release from Norlin. See *Scott v. Farnam*, 55 Wash. 336, 104 Pac. 639 (1909); *Shaw v. Benesh*, 37 Wash. 457, 79 Pac. 1007 (1905); *Brummett v. Campbell*, 32 Wash. 358, 73 Pac. 403 (1903); *Smith v. Northern Pac. R. Co.*, 22 Wash. 500, 61 Pac. 255 (1900).

■ Respondent Norlin contends that, as mortgagee, he tendered performance to Mrs. Palmer of the obligation of Montgomery (exclusive of the additional $1,500), which appellant refused to accept, and that his right to possession dates from the tender.

The cited sections of the mortgage foreclosure statutes grant to a mortgagee only a right to assert an interest in the real estate involved. The interest does not vest in the mortgagee until he becomes the successful bidder at an execution sale, and a sheriff's deed is issued. At the time respondent made the tender to appellant, he was not the purchaser at an execution sale; hence, the tender had no legal significance.

■ Respondent asserts that, by the application of equitable principles, the decree as entered by the court should be sustained. The cases cited in support of this contention are not applicable to the facts here presented, which clearly fall within the purview of the cited statutes. Equitable principles cannot be asserted to establish equitable relief in derogation of statutory mandates. *Parmeter v. Bourne*, 8 Wash. 45, 35 Pac. 586, 757 (1894); *Reagh v. Dickey*, 183 Wash. 564, 48 P. (2d) 941 (1935), and case cited; *Chapman v. Sheridan-Wyoming Coal Co.*, 338 U. S. 621, 94 L. Ed. 393, 70 S. Ct. 392 (1950); *Federal Land Bank of Omaha v.*

274

*Wilmarth*, 218 Iowa 339, 252 N. W. 507, 94 A. L. R. 1338 (1934).

For the reasons stated, the cause is remanded with instructions to modify the decree of foreclosure in accordance with the law herein expressed. As so modified, the decree is affirmed. Neither party will recover costs.

FINLEY, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.