[No. 3-39877-3.    Division Three.    October 21, 1969.]

LESLIE JOHNSON et al., Appellants, v. POULTRY SHIPPING AND
FEEDING COMPANY et al., Respondents.

*Herbert H. Freise,* for appellants.

*Robert J. Williams* and *Eugene T. Golden,* for respondents.

EVANS, C. J.—This is an action to quiet title or, in the alternative, to determine and declare the interest of plaintiffs in certain real property situated in Walla Walla County. Plaintiffs appeal from a summary judgment in favor of the defendants.

The chronology of events is succinctly stated in the trial court's findings of fact, as follows:

### FINDINGS OF FACT

#### I.

That on April 13, 1962 MILKSHEDS, INC., a Washington corporation entered into a contract for deed to property situated in Walla Walla County, Washington, then owned by INEZ LONEY, individually and as Executrix of the Estate of Milton Loney, deceased, which contract was not recorded.

#### II.

That on June 2, 1963, MILKSHEDS, INC., was defunct, and had abandoned and forfeited its rights under the contract for deed mentioned in Finding of Fact I above, and surrendered possession.

### III.

That on July 1, 1963, Plaintiff's [*sic*] in this proceeding filed with the Clerk of the Court, a judgment against MILKSHEDS, INC., in the Superior Court in the State of Washington, in and for the County of Walla Walla, in Cause No. 50093.

### IV.

That on November 29, 1963, MILKSHEDS, INC., executed a Quitclaim deed affirming the forfeiture of the real estate contract described in Findings of Fact, I, above, which said quitclaim deed was recorded with the County Auditor of Walla Walla County, on January 7, 1964.

### V.

That on June 23, 1964, the Sheriff of Walla Walla County levied on the purported interest of MILKSHEDS, INC., in the contract for deed described in Findings of Fact I above.

From these facts as found by the trial court the conclusions of law were as follows:

### CONCLUSIONS OF LAW

### I.

That at the time of the entry of the Judgment with the Clerk of the Court on July 1, 1963, MILKSHEDS, INC., had no interest as vendee in the contract for deed to real property then owned by INEZ LONEY, individually and as Executrix of the Estate of Milton Loney, deceased, the said contract having been forfeited and abandoned.

### II.

That on June 23, 1964, when the Sheriff levied on MILKSHEDS, INC., vendees [*sic*] interest in said real estate, the said MILKSHEDS, INC., had no interest therein and was not in possession thereof.

### III.

That the Defendants [*sic*] motion for summary judgment be granted and the Defendant be entitled to Judgment for his costs and disbursements incurred or expended herein.

Appellants assign as error the court's finding of fact No. 2, that on June 2, 1963 Milksheds, Inc. was defunct and had

abandoned and forfeited its rights under the contract, and surrendered possession.

The trial court based its findings of fact No. 2 upon the affidavit of the president of Milksheds, Inc., as follows:

S. K. LINNSCOTT, being first duly sworn, on oath, deposes and says: That on or about the 1st day of June, 1963, he was the president of MILKSHEDS, INC., a Washington corporation; that the facts set forth in this Affidavit are facts which would be admissable [sic] in evidence, and your Affiant is competent to testify as to the matters stated herein. That on or about the 1st day of June, 1963, MILKSHEDS, INC., was defunct, that it was not in possession of any land in Walla Walla County and in particular was not in possession of any land owned by INEZ P. LONEY, individually and as Executrix of the Estate of MILTON R. LONEY, that any interest it had had in such land had been forfeited and abandoned by Milksheds, Inc., on said date, and said Contract to purchase said land was cancelled as of said date.

This affidavit was not controverted in any manner. In fact, the record discloses that both counsel assured the court during the hearing on the motion for summary judgment that there were no material facts at issue and that it was merely a matter of the application of the law. Furthermore, in his brief to the trial court counsel for appellants stated "the plaintiffs do not deny abandonment by the vendee, although the precise date is unknown to them."

The trial court's ruling, in the form of a written memorandum to the attorneys, was as follows:

Accepting counsel's statement made in open court that there are no disputed material facts in this matter, it is the judgment of the Court the defendants' Motion for Summary Judgment should be granted.

Mrs. Loney never received notice of the plaintiffs' claim against Milkshed's interest in this property until after the contract had been forfeited and Milkshed had abandoned the property. At the time the Sheriff levied on Milkshed's interest was the first notice to Mrs. Loney of plaintiff's claim against the vendee's contract interest. The fact is that the vendee had abandoned the property and the contract had been forfeited at this time. Unless there is fraud, the plaintiffs are obligated to perfect their

claim by following the statutory procedure. This must be accomplished during the period when the purchaser has an existing interest. The judgment obtained against Milkshed is not self-executing as to a purchaser's interest under a contract for deed.

The issue is thus presented: Are the sworn statements of the president of Milksheds, Inc. regarding forfeiture and abandonment, statements of fact or conclusions of law? It is the view of this court that the sworn statement of the president of Milksheds, Inc. that on or about the first day of June, 1963 Milksheds, Inc. was not in possession of the land in question, that Milksheds, Inc. was defunct, its interest forfeited and abandoned and that the contract to purchase said land was canceled, when considered in connection with the statement that plaintiffs did not deny abandonment, are statements of fact which, unless controverted, become a proper basis for the court's holding that on July 1, 1963 Milksheds had no interest, as vendee, in the contract for deed to said real property.

■ Having thus determined that the contract had been forfeited and abandoned prior to the entry of judgment, *Eckley v. Bonded Adjustment Co.*, 30 Wn.2d 96, 190 P.2d 718, 1 A.L.R.2d 717 (1948), wherein the court discusses a vendee's interest similar to that of Milksheds', is in point. There the court said:

In the case of *Casey v. Edwards,* 123 Wash. 661, 212 Pac. 1082, it was held that a judgment creditor of a vendee under a contract of sale had the right to set aside a quitclaim deed, executed by the vendee in the contract, conveying all of the vendee's interest in the real estate. It was held that the vendee under an executory contract for the purchase of real estate has, *while the contract is in good standing,* an interest in the real property which is subject to execution.

In *Hess v. Starwich,* 149 Wash. 679, 272 Pac. 75, the same rule was applied as to personal property purchases under a conditional sale contract.

In *State ex rel. Oatey Orchard Co. v. Superior Court,* 154 Wash. 10, 280 Pac. 350, this court sitting *En Banc,* again held that a vendee purchasing real estate under an executory contract had "rights in the property covered

by the contract which come within the designation of real property," and that such rights were subject to a writ of attachment levied in the manner provided for the levying of the writ upon real property.

To be subjected to such a lien, *the interest of the judgment debtor, under the contract of purchase, must be an existing interest under a contract which has not been forfeited or abandoned prior to the levy.* In the case at bar, there is no suggestion in the evidence that, prior to the levy, the vendor, Mrs. Harnisch, had declared the contract to be forfeited, nor does it appear that the contract had ever been abandoned. Apparently, appellant Edwin Eckley had kept the contract in good standing, either for the benefit of the vendees therein named or for his own advantage.

In the case of *Epley v. Hunter,* 154 Wash. 163, 281 Pac. 327, we held that the interest of a vendee under a contract for the purchase of real estate, *who was in possession* pursuant to such an executory, forfeitable contract, is subject to levy in the manner provided by statute for reaching real property.

(Italics ours.)

Appellants cite *Norlin v. Montgomery,* 59 Wn.2d 268, 367 P.2d 621 (1961), where the court held that a contract for the sale of real estate was not canceled by a quitclaim deed of the premises from the vendee to the vendor, notwithstanding that the deed stated an intention that the contract be canceled, where the vendee had mortgaged his equity in the contract to a third person, and the mortgage was recorded at the time the vendor accepted the quitclaim deed. *Norlin* is not in point, however, for the reason that in that case the vendee mortgaged his interest prior to forfeiture and the vendor had constructive notice of the encumbrance on the vendee's equity. In the instant case the plaintiffs did not become judgment creditors until after the forfeiture had been accomplished. Mrs. Loney obviously could not have either actual or constructive notice of an encumbrance which did not exist at the time of forfeiture.

Since the court holds that Milksheds, Inc. had no interest in the property in question at the time of appellant's judg-

ment, appellant levied on nothing and empowered the sheriff to sell nothing.

Judgment is affirmed.

GREEN and MUNSON, JJ., concur.