[No. 59576-8-I.  Division One.  June 23, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSHUA TRAVIS BRYAN, *Appellant*.

*David B. Koch* (of *Nielsen, Broman & Koch*), for appellant.

*Janice E. Ellis, Prosecuting Attorney,* and *Seth A. Fine, Deputy,* for respondent.

¶1 Cox, J. — Joshua Bryan challenges his sentence for two counts of residential burglary and one count of posses-

sion of a controlled substance on equal protection and due process grounds. He claims the sentence violates equal protection because there is no rational basis for distinguishing between those whose sentences are correct when imposed and those who are resentenced after discovery of an error in the initial sentencing. He also claims the sentence violates due process because it is arbitrary and completely unfair. We disagree with both contentions and affirm.

¶2 The State charged Bryan in Snohomish County with two counts of residential burglary and one count of possession of a controlled substance (marijuana) for offenses that occurred in January 2006. He pleaded guilty to these charges on April 12, 2006.

¶3 For purposes of sentencing for these offenses, counsel and the court calculated an offender score of 8 on each burglary count, with an associated standard range of 53 to 70 months. The violation of the Uniform Controlled Substances Act, chapter 69.50 RCW, charge score was 7, with an associated range of 12 to 24 months. The offender score calculations included two prior theft convictions from Texas, which were identified at the initial sentencing as felonies. In May 2006, the court imposed concurrent sentences of 60 months for the burglaries and 15 months on the marijuana charge.

¶4 In August 2006, Bryan pleaded guilty in King County to second degree trafficking in stolen property and second degree identity theft. These crimes occurred before the offenses for which he was sentenced in Snohomish County. Bryan's new attorney alerted him and the court to the fact that his prior Texas convictions for theft were misdemeanors, not felonies. Accordingly, the King County Superior Court did not include the Texas misdemeanors in scoring for purposes of this sentencing.

¶5 Bryan then moved to modify his May 2006 Snohomish County sentences, arguing that the two Texas theft convictions were not felonies and should not have been included

in his offender scores. The State conceded the Texas convictions should not have been included in the offender score.

¶6 The court also agreed and removed two points from Bryan's offender scores, excluding the Texas misdemeanor convictions. But the court ruled that Bryan's subsequent King County convictions in August 2006 added back two points to each of his offender scores. The net effect was that the court imposed the same length of sentences as originally imposed on all counts.

¶7 Bryan appeals.

## EQUAL PROTECTION

¶8 Bryan argues that Washington's sentencing statute, RCW 9.94A.589, violates his right to equal protection under state and federal constitutions. We disagree.

¶9 Article I, section 12 of the Washington Constitution and the Fourteenth Amendment to the United States Constitution guarantee that similarly situated persons must receive like treatment under the law.[1] Our supreme court has consistently construed the federal and state equal protection clauses identically and considered claims arising under them to be one issue.[2]

¶10 When courts analyze equal protection claims, they apply one of three standards of review—strict scrutiny, intermediate or heightened scrutiny, or rational basis review.[3] Rational basis review, or the rational relationship test, is the most relaxed level of scrutiny. It applies when a statutory classification does not involve a suspect or semisuspect class and does not threaten a fundamental right.[4] When a statutory classification affects only a physi-

---

[1] *State v. Manussier*, 129 Wn.2d 652, 672, 921 P.2d 473 (1996) (citing *State v. Schaaf*, 109 Wn.2d 1, 17, 743 P.2d 240 (1987)).

[2] *Id.* (citing *State v. Smith*, 117 Wn.2d 263, 281, 814 P.2d 652 (1991)).

[3] *Id.* at 672-73.

[4] *Id.* at 673 (citing *State v. Shawn P.*, 122 Wn.2d 553, 560, 859 P.2d 1220 (1993)).

cal liberty interest, our courts apply the deferential rational relationship test.[5] To satisfy this test, the challenged law must rest upon a legitimate state objective and the law must be rationally related to, and not wholly irrelevant to, achieving that objective.[6] As our state supreme court has explained:

> "The burden is on the party challenging the classification to show that it is 'purely arbitrary'." The rational basis test requires only that the means employed by the statute be rationally related to a legitimate State goal, and not that the means be the best way of achieving that goal. "[T]he Legislature has broad discretion to determine what the public interest demands and what measures are necessary to secure and protect that interest."[7]

¶11 A statute is presumed to be constitutional, and the party challenging it bears the burden to prove beyond a reasonable doubt that it is unconstitutional.[8] We review de novo the constitutionality of a statute.[9]

¶12 Here, Bryan challenges the requirement of RCW 9.94A.589(1)(a), which states in relevant part:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense *shall be determined by using all other current and prior convictions* as if they were prior convictions for the purpose of the offender score . . . .[10]

---

[5] *State v. Coria*, 120 Wn.2d 156, 171, 839 P.2d 890 (1992) (rejecting intermediate scrutiny when physical liberty interest is involved but no semisuspect class is affected).

[6] *Madison v. State*, 161 Wn.2d 85, 103, 163 P.3d 757 (2007); *Manussier*, 129 Wn.2d at 673; *Coria*, 120 Wn.2d at 171.

[7] *Manussier*, 129 Wn.2d at 673 (alteration in original) (footnotes omitted) (quoting *Coria*, 120 Wn.2d at 172; *State v. Ward*, 123 Wn.2d 488, 516, 869 P.2d 1062 (1994)).

[8] *State v. Hughes*, 154 Wn.2d 118, 132, 110 P.3d 192 (2005), *overruled on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).

[9] *Id.*

[10] (Emphasis added.)

The statute defines "prior convictions" as

> a conviction which exists before the date of sentencing for the offense for which the offender score is being computed.[11]

¶13 It is undisputed that at the time of resentencing in Snohomish County, the King County convictions for additional crimes "existed." It is also undisputed that there is no statutory provision that provides any exception to the above mandatory directive that "all prior convictions" that existed be used in scoring. Bryan concedes that the sentencing statutes "mandate this result."[12]

¶14 For the purpose of his equal protection argument, Bryan argues that he belongs to a class composed of individuals resentenced after a determination that their original sentences were incorrect under Washington law. Under the sentencing statute, any conviction that occurs after the initial sentencing must be included in the offender score on resentencing. Thus, individuals in this class are disadvantaged because the resentencing includes convictions that would not otherwise have been included had the original sentencing been correct.

¶15 According to Bryan, this classification promotes unconstitutional disparate treatment when his class is compared to those whose sentences were correct in the first instance. He argues there is no rational purpose for this distinction. He also argues that the classification does not bear any rational relation to any purpose of the sentencing statute.

---

[11] RCW 9.94A.525(1).

[12] Br. of Appellant at 6; *see also State v. Collicott*, 118 Wn.2d 649, 827 P.2d 263 (1992) (holding that the Sentencing Reform Act of 1981 (SRA) permitted use of subsequent conviction for purpose of determining offender score at resentencing); *State v. Worl*, 91 Wn. App. 88, 93, 955 P.2d 814 (1998) (holding that resentencing court properly recalculated offender score based on subsequent conviction entered after original sentencing); *State v. Shilling*, 77 Wn. App. 166, 173, 175, 889 P.2d 948 (1995) (holding that the SRA requires all prior convictions existing at the time of that particular sentencing to be used to calculate the offender score, without regard to when the incidents underlying the prior convictions occurred, the chronological relationship among the convictions, or the sentencing or resentencing chronology).

¶16 Here, the challenged classification that Bryan constructs affects his liberty interest. Accordingly, we apply the deferential rational relationship test.[13]

¶17 Under that test, this sentencing statute must rest upon a legitimate state objective and the statute must be rationally related, and not wholly irrelevant, to achieving that objective.[14]

¶18 We note that the challenged statute does not, on its face, create the classification that Bryan describes. Rather, the statute is neutral on its face. It treats all those sentenced in a similar fashion by calculating the sentence range for each current offense by "using all other current and prior convictions." *See* RCW 9.94A.589(1)(a).

¶19 However, it is well established that " 'equal protection of the law requires not only that laws be equal on their face, but also that they be executed so as not to deny equality.' "[15] Thus, we are faced here with the question of whether the application of the statute before us meets the rational basis test.

¶20 The first question is whether this sentencing statute rests upon a legitimate state objective. We hold that it does.

¶21 The legislature stated the purpose of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW:

> (1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
>
> (2) Promote respect for the law by providing punishment which is just;

---

[13] *See State v. Armstrong*, 143 Wn. App. 333, 337-38, 178 P.3d 1048 (2008) (citing *Coria*, 120 Wn.2d at 171).

[14] *Id.* (citing *Madison*, 161 Wn.2d at 103).

[15] *Cortes v. City of Houston*, 536 F. Supp. 2d 783, 791 (S.D. Tex. 2008) (quoting *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 932 (5th Cir. 1988) (citing *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S. Ct. 1064, 30 L. Ed. 220 (1886))). In *Yick Wo*, a facially nondiscriminatory city ordinance was found to violate the federal equal protection clause when, in application, it became clear that the statute was enacted for a discriminatory purpose. *Yick Wo*, 118 U.S. at 374.

(3) Be commensurate with the punishment imposed on others committing similar offenses;

. . . .

(7) Reduce the risk of reoffending by offenders in the community.[16]

¶22 This statement of legislative intent establishes that there is a rational basis for the sentencing statute before us. Subsections (1) and (3) of the above excerpt are particularly applicable in the context of scoring in this case.

¶23 The second question is whether the sentencing scheme of RCW 9.94A.589 is rationally related to the legislature's stated purposes. We hold that it is.

¶24 Requiring the sentencing court to consider all convictions that exist at the time of sentencing is a reasonable means to achieve the stated goals. No more is required. By counting convictions that came into existence after the time of the original sentence when a defendant is resentenced, the statute holds the defendant accountable for all criminal conduct. This is a reasonable means for promoting respect for the law and advancing the stated goals of the SRA. This court has previously noted that the sentencing statute contemplates that some offenses will count in the manner here as "prior convictions."[17]

¶25 Bryan argues that the sentencing scheme does not promote purposes (2) and (3) of the act. As we have already stated in this opinion, we disagree. In any event, nothing requires that every aspect of the sentencing statute must serve every purpose of the SRA for purposes of equal protection analysis.

¶26 Moreover, this scheme does not impose unjust results. The only reason Bryan is subject to this result is because of his own criminal acts. It does not offend justice that after the miscalculation mistake was cured on resentencing, the court calculated his new sentence by taking into account his conduct and then existing convictions.

---

[16] RCW 9.94A.010.

[17] *Shilling*, 77 Wn. App. at 175 n.4.

¶27 Bryan next argues that there can be no proper purpose for allowing subsequent criminal history to be considered at resentencings that occur only because of an initial sentence miscalculation. But again, his subsequent convictions are due to his own conduct. He fails to show beyond a reasonable doubt that the State has no rational reason for requiring this outcome.

¶28 To summarize, Bryan fails in his burden to show beyond a reasonable doubt that this sentencing statute violates the equal protection clauses of the federal or state constitutions.

## DUE PROCESS

¶29 Bryan next argues that Washington's sentencing scheme violates due process. We disagree.

¶30 Article I, section 3 of the Washington Constitution and the Fifth Amendment to the United States Constitution provide, "No person shall be deprived of life, liberty, or property, without due process of law."[18] The Fifth Amendment is applicable to the states through the Fourteenth Amendment.

¶31 The due process inquiry asks whether the complained of treatment is so arbitrary or unfair that it denies due process.[19]

¶32 Requiring a sentencing court to use "all other current and prior convictions" at the time of resentencing does not result in a sentence that is arbitrary or unfair. Upon resentencing, a court has the opportunity to accurately base its new sentence on the defendant's then existing criminal history. And there is nothing that is either arbitrary or unfair about including convictions that came into existence after the time of the original sentence. We note that the length of Bryan's sentence on resentencing

---

[18] Const. art. I, § 3.

[19] *State v. Handley,* 115 Wn.2d 275, 290 n.4, 796 P.2d 1266 (1990).

was the same as the original sentence. Accordingly, we conclude that neither the sentencing statute nor its application in this case is arbitrary or unfair so as to violate Bryan's constitutional due process rights.

¶33 *Bearden v. Georgia*,[20] on which Bryan relies, does not require a different result. There, the United States Supreme Court addressed whether a court could revoke probation for failure to pay a fine and restitution where there was no evidence that the petitioner was at fault in his failure to pay. Applying a due process analysis, the court held that only where the court found that the probationer willfully refused to pay or make bona fide efforts to acquire resources to pay could the court revoke probation and impose a sentence of imprisonment.[21] Where a court imprisons a probationer solely because he cannot pay the fine, through no fault of his own, the court violates the petitioner's due process rights.[22]

¶34 Unlike in *Bearden,* where the probationer may have been imprisoned through no fault of his own, here, the only reason Bryan received the same length sentences at resentencing was because of his continued criminal activity. It was Bryan's willful act of committing crimes that caused the resentencing court to impose the same length of sentences as originally imposed. Moreover, unlike in *Bearden*, this resentencing court had objective information about Bryan's crimes to support the sentence it imposed.

¶35 We affirm the judgment and sentences.

DWYER, A.C.J., and LEACH, J., concur.

---

[20] 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983).

[21] *Id.* at 672-73.

[22] *Id.* at 674.