

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76772-1-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| MICHAEL JOSEPH OSKER, II, | ) ) | |
| Appellant. | ) | FILED: June 11, 2018 |

TRICKEY, J. — Michael Osker was found guilty of burglary in the first degree following a bench trial. The trial court imposed $800 in legal financial obligations (LFOs) on Osker, including a $200 criminal filing fee. Osker appeals, arguing that the trial court failed to consider his ability to pay mandatory LFOs in light of his mental health condition, that his trial counsel was ineffective, and that the mandatory imposition of the criminal filing fee violates his right to equal protection. Finding no error, we affirm.

## FACTS

On April 6, 2016, Snohomish County Sheriff's Deputy Chad Matthews was dispatched to a reported assault with a weapon in Sultan, Washington. Deputy Matthews made contact with the victim, Thomas Plemmons. Plemmons reported that Osker, who rented one of Plemmons's residences, had punched him in the head multiple times, broken down the front door into Plemmons's garage/shop as Plemmons ran away, and pursued Plemmons with a long handled bladed object. Plemmons also reported that, during the incident, Osker was very agitated and

referred to conversations between Osker and Plemmons that had not happened.[1] Deputy Matthews and other officers later arrested Osker at his residence.

Osker was charged with first degree burglary while armed with a deadly weapon. Prior to trial, Dr. Mark McClung performed a psychological evaluation and concluded that Osker had experienced a substance-induced psychotic disorder on the day of the incident. He also noted that Osker also suffered from mild dementia and a long-term seizure disorder.

Osker waived his right to a jury trial and proceeded to a bench trial based on agreed documentary evidence. The documentary evidence included a stipulation agreement and sentencing recommendation signed by both Osker and the State that provided for LFOs consisting of a victim penalty assessment, DNA (deoxyribonucleic acid) fee, restitution, and a criminal filing fee. The trial court found Osker guilty as charged.

At sentencing, the trial court adopted the parties' agreed upon term of confinement of 39 months. Osker asked the trial court to waive all non-mandatory fees. The trial court imposed $800 in LFOs, consisting of a $500 victim assessment, a $200 criminal filing fee, and a $100 biological sample fee. The trial court also ordered Osker to undergo an evaluation for substance use disorder and mental health.

Osker appeals.

---

[1] For example, Plemmons heard Osker shouting and using profanity as he approached Plemmons's garage/shop. Osker then approached Plemmons while "rambling that he didn't deserve the way Plemmons talked to him" although Plemmons "had not seen or spoken with Osker up till that point." Clerk's Papers (CP) at 82. While pursuing Plemmons during the incident, Osker repeatedly yelled that he was "going to get [Plemmons]." CP at 82.

## ANALYSIS

### Imposition of Mandatory LFOs

Osker argues that the trial court erred when it failed to assess whether he was able to pay mandatory LFOs in light of his mental health condition. Because Osker failed to raise this issue before the trial court, we decline to reach the merits of his argument.

"The appellate court may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). The question of whether a trial court properly inquired into a defendant's ability to pay due to a mental health condition is subject to RAP 2.5(a). State v. Tedder, 194 Wn. App. 753, 756-57, 378 P.3d 246 (2016) (exercising discretion under RAP 2.5(a) to examine whether the trial court erred in not inquiring into defendant's ability to pay LFOs in light of mental health condition under RCW 9.94A.777).

Here, Osker failed to argue that the trial court should inquire into his ability to pay the LFOs based on his mental health condition. In addition, he stipulated to the imposition of the LFOs as part of the agreed documentary evidence in his bench trial. Therefore, we decline to reach the merits of his argument under RAP 2.5(a).[2]

### Ineffective Assistance of Counsel

Osker argues in the alternative that his counsel at trial was ineffective because he failed to raise the issue of Osker's mental health condition pursuant to RCW 9.94A.777. Because Osker has not cited evidence at trial that would have

---

[2] We also decline to reach the State's argument that Osker invited the error.

supported a finding that he suffered a mental health condition as defined by RCW 9.94A.777(2), we disagree.

For the purposes of RCW 9.94A.777(2),

> a defendant suffers from a mental health condition when the defendant has been diagnosed with a mental disorder that prevents the defendant from participating in gainful employment, as evidenced by a determination of mental disability as the basis for the defendant's enrollment in a public assistance program, a record of involuntary hospitalization, or by competent expert evaluation.

A criminal defendant has a right to effective assistance of counsel. In re Pers. Restraint of Yung-Cheng Tsai, 183 Wn.2d 91, 99, 351 P.3d 138 (2015) (citing Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); U.S. CONST. amend VI; WASH CONST. art. I, § 22). To show ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that he or she was prejudiced by the deficient performance. Strickland, 466 U.S. at 687. If a party fails to satisfy either the deficiency or the prejudice prong, a reviewing court need not consider the other. State v. Foster, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Reviewing courts are highly deferential to counsel's performance, and "'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" State v. Carson, 184 Wn.2d 207, 216, 357 P.3d 1064 (2015) (quoting Strickland, 466 U.S. at 690).

To show prejudice, the defendant must establish that "'there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.'" State v. Grier, 171 Wn.2d 17, 34, 246

4

P.3d 1260 (2011) (quoting State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)).

"Ineffective assistance of counsel is a fact-based determination, and [the appellate court] review[s] the entire record in determining whether a defendant received effective representation at trial." Carson, 184 Wn.2d at 215-16.

Here, the record does not contain evidence supporting a finding that Osker suffered from a mental health condition as defined by RCW 9.94A.777(2). The parties have not cited evidence of a determination that Osker received public assistance based on a mental disability.[3] The record does not contain evidence showing that Osker has a history of involuntary hospitalizations. Finally, although Dr. McClung opined that Osker's mental disorders may have impacted his ability to form criminal intent, Dr. McClung did not conclude that Osker's mental condition prevented him from participating in gainful employment.

Thus, the record does not contain evidence with which Osker's trial counsel could have argued that Osker suffered a mental health condition under RCW 9.94A.777(2). Even if Osker's trial counsel had cited the statute to the trial court, there is no reasonable probability that the outcome of the proceedings would have been different. Therefore, Osker cannot establish prejudice. We conclude that Osker's counsel below was not ineffective.

---

[3] In a financial declaration attached to his motion for an order authorizing him to seek review at public expense, Osker declared that he had previously received Social Security disability income. But he does not describe the disability underlying his Social Security income, and the financial declaration was filed after his trial. Therefore, Osker's financial declaration could not have been a basis for a finding of a mental health condition under RCW 9.94A.777(2) below.

<u>Violation of Equal Protection Clause</u>

Osker argues that the mandatory imposition of the $200 criminal filing fee under RCW 36.18.020(2)(h) violates his right to equal protection because civil litigants are permitted a waiver of fees under GR 34.[4] Because there is a rational basis for distinguishing between criminal defendants subject to RCW 36.18.020(2)(h) and civil litigants who may request a waiver of fees pursuant to GR 34, we disagree.

"Equal protection requires that similarly situated individuals receive similar treatment under the law." <u>Harris v. Charles</u>, 171 Wn.2d 455, 462, 256 P.3d 328 (2011) (citing U.S. CONST. amend XIV, § 1; WASH. CONST. art. I, § 12).

"Under [the rational basis] standard 'a legislative classification will be upheld unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives.'" <u>In re Det. of Turay</u>, 139 Wn.2d 379, 410, 986 P.2d 790 (1999) (quoting <u>State v. Thorne</u>, 129 Wn.2d 736, 771, 921 P.2d 514 (1996)).[5]

---

[4] Osker did not raise his equal protection claim below. An appellant may raise a claim of "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). "[T]he appellant must 'identify a constitutional error and show how the alleged error actually affected the [appellant]'s rights at trial.'" <u>State v. O'Hara</u>, 167 Wn.2d 91, 98, 217 P.3d 756 (2009) (second alteration in original) (quoting <u>State v. Kirkman</u>, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007)). The record must contain all the facts necessary to adjudicate the claimed error in order to demonstrate actual prejudice. <u>O'Hara</u>, 167 Wn.2d at 99.

Here, Osker's argument implicates his constitutional right to equal protection. Further, he is a criminal defendant who has been convicted, the criminal filing fee required under RCW 36.18.020(2)(h) has been imposed, and he does not have a waiver option analogous to that available to civil litigants under GR 34. Thus, Osker's argument concerns a constitutional right and the record demonstrates that he was actually prejudiced. We will reach the merits of Osker's equal protection novel argument on appeal as a claim of manifest error affecting a constitutional right under RAP 2.5(a)(3).

[5] Osker concedes that "[n]o fundamental right or suspect class is at issue here," and therefore rational basis review is appropriate. Appellant's Opening Br. at 10.

"Upon conviction or plea of guilty . . . an adult defendant in a criminal case shall be liable for a fee of two hundred dollars." RCW 36.18.020(2)(h). This is a mandatory LFO that may not be waived. State v. Lundy, 176 Wn. App. 96, 102, 308 P.3d 755 (2013); State v. Gonzales, 198 Wn. App. 151, 155, 392 P.3d 1158, review denied, 188 Wn.2d 1022, 398 P.3d 1140 (2017).

Generally, "the party filing the first or initial document in any civil action . . . shall pay, at the time the document is filed, a fee of two hundred dollars." RCW 36.18.020(2)(a). But indigent civil litigants may request that the trial court waive filing fees or surcharges where payment is a "condition precedent to a litigant's ability to secure access to judicial relief." GR 34; Jafar v. Webb, 177 Wn.2d 520, 526, 529, 303 P.3d 1042 (2013).

"A statute is presumed to be constitutional, and the party challenging it bears the burden to prove beyond a reasonable doubt that it is unconstitutional." State v. Bryan, 145 Wn. App. 353, 359, 185 P.3d 1230 (2008). "We review de novo the constitutionality of a statute." Bryan, 145 Wn. App. at 359.

Here, there is a rational basis for distinguishing between criminal defendants subject to RCW 36.18.020(2)(h) and civil litigants who may request a waiver of fees pursuant to GR 34. Criminal defendants subject to RCW 36.18.020(2)(h) have already gone through a proceeding to determine their guilt, and are only subject to the filing fee if they have been convicted or pleaded guilty. Thus, RCW 36.18.020(2)(h) serves to recoup some of the costs accrued in criminal proceedings resulting in a conviction or guilty plea.

7

In contrast, GR 34 applies only to those fees and surcharges that serve as a condition precedent to an indigent civil litigant's access to judicial relief. Thus, civil litigants who may request a waiver pursuant to GR 34 have not yet gone through a proceeding that has led the judicial system to incur associated costs.

Further, GR 34 does not prohibit the judicial system from recouping other fees and surcharges that accrue after proceedings have commenced. Such fees and surcharges would not be available to the judicial system if indigent civil litigants were barred entirely. Thus, GR 34 enables indigent civil litigants to seek judicial relief while furthering RCW 36.18.020's purpose of collecting revenue to help fund various causes.[6]

Therefore, Osker has not carried his burden of proving beyond a reasonable doubt that RCW 36.18.020(2)(h) is unconstitutional because there is a rational basis for distinguishing between criminal defendants subject to RCW 36.18.020(2)(h) and civil litigants who may request a waiver of fees under GR 34. We conclude that the trial court did not violate Osker's right to equal protection when it imposed the criminal filing fee under RCW 36.18.020(2)(h).

### Statement of Additional Grounds

Osker has filed a statement of additional grounds offering two further issues for review.

---

[6] We note that GR 34 has previously been upheld as constitutional for enabling indigent civil litigants to access the justice system. See Jafar, 177 Wn.2d at 529 (relying on Griffin v. Illinois, 351 U.S. 12, 19, 76 S. Ct. 585, 100 L. Ed. 891 (1956)). Because we conclude that there is a rational basis for distinguishing between criminal defendants subject to RCW 36.18.020(2)(h) and civil litigants who may request a waiver of fees pursuant to GR 34, we decline to address this issue.

First, Osker argues that his counsel was ineffective because Osker did not understand several aspects of the trial and he was not able to "share [his] side of the story."[7] To establish ineffective assistance of counsel, a defendant must show in part that he was prejudiced by his counsel's deficient performance. Strickland, 466 U.S. at 687. Osker has not argued that the outcome of the proceedings would have been different had he been informed more thoroughly of the nature of the proceedings or been able to tell his side of the story to his satisfaction. We conclude that Osker has not established that his counsel below was ineffective.

Second, Osker argues that he did not receive an adequate mental evaluation or treatment while in jail. Osker does not argue that the psychological evaluation performed by Dr. McClung was legally inadequate, or that any inadequacy in the mental health treatment Osker has received while in jail constitutes a legal error that this court may address in the present appeal. We conclude that neither of Osker's arguments regarding his mental health merit reversal.

Affirmed.

_Trickey, J_

WE CONCUR:

_Spearman, J._

_Dwyer, J._

---

[7] Statement of Additional Grounds at 1.