# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 76442-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| RICHARD YI PATTERSON, | ) | |
| | ) | |
| Appellant. | ) | FILED: June 18, 2018 |

TRICKEY, J. — Richard Patterson was convicted of possession of a controlled substance. The trial court ordered Patterson to undergo a substance use disorder evaluation and follow any treatment recommendations as a condition of his community custody. The trial court also imposed legal financial obligations (LFOs), which included a $200 criminal filing fee.

Patterson appeals, arguing that the trial court erred in ordering the substance use disorder evaluation and imposing the criminal filing fee. Because the trial court acted outside of its statutory authority when it required Patterson to undergo the substance use disorder evaluation and follow recommended treatment as a condition of his community custody, we remand for further findings or to strike the condition. In all other respects, we affirm.

## FACTS

On December 1, 2015, the State charged Patterson with one count of possession of a controlled substance resulting from an incident that occurred on November 11, 2015. Patterson signed an agreement to transfer his case to the

Adult Drug Treatment Court (ADTC). The agreement notified Patterson that if he was terminated from the ADTC the State would request 24 months of incarceration, various LFOs, and 12 months of community custody, including a condition requiring a substances evaluation and completion of recommended treatment.

Patterson stipulated that the substance found in his possession on November 11, 2015 was cocaine, as well as to the facts set forth in the affidavit of probable cause, police reports, and other documents related to his arrest.

On January 20, 2017, the trial court terminated Patterson from the ADTC because he had "committed new felony offenses while in drug court and has been in long term warrant status."[1] Based on agreed documentary evidence, the trial court found Patterson guilty of possession of a controlled substance.

The trial court sentenced Patterson to 24 months of incarceration, to run consecutively to his King County sentences. The trial court ordered 12 months of community custody and LFOs that included a $200 filing fee pursuant to RCW 36.18.020(2)(h). In its written judgment, the trial court ordered Patterson to undergo a substance use disorder evaluation and follow recommended treatment as a condition of his community custody. The trial court did not find that Patterson had a chemical dependency that had contributed to his offense.

---

[1] Clerk's Papers (CP) at 44. Bench warrants had been issued for Patterson's arrest on March 21, and April 18, 2016. On December 27, 2016, Patterson filed a pro se motion for a final disposition of the bench warrants.

On December 12, 2016, Patterson was convicted in King County of possession of PCP (phencyclidine), possession of cocaine, and conspiracy to deliver cocaine. His sentences were set to run concurrently, resulting in 20 months of incarceration and 12 months of community custody.

Patterson appeals.

## ANALYSIS

### Substance Use Disorder Evaluation

Patterson argues and the State agrees that the trial court erred in ordering Patterson to undergo a substance use disorder evaluation as a condition of his community custody without first making a finding that chemical dependency contributed to his offense.

Prior to requiring an offender to "participate in rehabilitative programs or otherwise to perform affirmative conduct reasonably related to the circumstances of the crime," the trial court must find "that the offender has any chemical dependency that has contributed to his or her offense." RCW 9.94A.607(1). A trial court errs if it fails to make a requisite finding before imposing a condition of community custody, even if the record supports such a finding. State v. Jones, 118 Wn. App. 199, 209, 76 P.3d 258 (2003).

Here, the trial court erred when it did not make the required finding that Patterson had a chemical dependency that had contributed to his offense before requiring him to undergo a substance use disorder evaluation as a condition of his community custody. Therefore, we remand so that the trial court may strike the condition unless it can comply with RCW 9.94A.607(1). Jones, 118 Wn. App. at 207-08.

### Mandatory Criminal Filing Fee

Patterson argues that the criminal filing fee required under RCW 36.18.020(2)(h) is not a mandatory LFO, and therefore the trial court erred when it

3

imposed the fee without inquiring into Patterson's ability to pay. Patterson did not raise this claimed error below. He has not offered a basis on which this court may review his claimed error for the first time on appeal.[2] Therefore, we decline to reach the merits of Patterson's argument.[3]

## Violation of Equal Protection

Patterson argues that the mandatory imposition of the criminal filing fee under RCW 36.18.020(2)(h) violates his right to equal protection because civil litigants are permitted to request a waiver of fees under GR 34.[4] Because there is a rational basis for distinguishing between criminal defendants subject to RCW 36.18.020(2)(h) and civil litigants who may request a waiver of fees pursuant to GR 34, we disagree.

---

[2] Patterson's claimed error cannot constitute manifest error affecting a constitutional right. RAP 2.5(a)(3). The record does not show that the trial court was provided with evidence establishing that Patterson cannot pay the criminal filing fee or that the State has sought to enforce the debt at a time when Patterson cannot pay by reason of indigency. See State v. O'Hara, 167 Wn.2d 91, 99, 217 P.3d 756 (2009) ("If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown and the error is not manifest.'" (quoting State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995))); State v. Curry, 118 Wn.2d 911, 917-18, 829 P.2d 166 (1992).

[3] Because we conclude that Patterson cannot raise this argument for the first time on appeal, we need not reach his arguments concerning the statutory interpretation of RCW 36.18.020(2)(h) or that various Washington State Court of Appeals decisions are incorrect.

[4] Patterson did not raise his equal protection challenge to RCW 36.18.020(2)(h) below. An appellant may raise a claim of "manifest error affecting a constitutional right" for the first time on appeal. RAP 2.5(a)(3). "[T]he appellant must 'identify a constitutional error and show how the alleged error actually affected the [appellant's] rights at trial.'" O'Hara, 167 Wn.2d at 98 (second alteration in original) (quoting State v. Kirkman, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007)). The record must contain all the facts necessary to adjudicate the claimed error in order to demonstrate actual prejudice. O'Hara, 167 Wn.2d at 99.

Here, Patterson's argument implicates his constitutional right to equal protection. Further, he is a criminal defendant who has been convicted, the criminal filing fee required under RCW 36.18.020(2)(h) has been imposed, and he does not have a waiver option analogous to that available to civil litigants under GR 34. Thus, Patterson's argument concerns a constitutional right and the record demonstrates that he was actually prejudiced. We will reach the merits of Patterson's equal protection argument on appeal as a claim of manifest error affecting a constitutional right under RAP 2.5(a)(3).

"Equal protection requires that similarly situated individuals receive similar treatment under the law." Harris v. Charles, 171 Wn.2d 455, 462, 256 P.3d 328 (2011) (citing U.S. CONST. amend XIV, § 1; WASH. CONST. art. I, § 12).

"Under [the rational basis] standard 'a legislative classification will be upheld unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives.'" In re Det. of Turay, 139 Wn.2d 379, 410, 986 P.2d 790 (1999) (quoting State v. Thorne, 129 Wn.2d 736, 771, 921 P.2d 514 (1996)). Patterson concedes that "[n]o fundamental right or suspect class is at issue here," and therefore rational basis review is appropriate.[5] "A statute is presumed to be constitutional, and the party challenging it bears the burden to prove beyond a reasonable doubt that it is unconstitutional." State v. Bryan, 145 Wn. App. 353, 359, 185 P.3d 1230 (2008).

"Upon conviction or plea of guilty . . . an adult defendant in a criminal case shall be liable for a fee of two hundred dollars." RCW 36.18.020(2)(h). This is a mandatory LFO that may not be waived. State v. Lundy, 176 Wn. App. 96, 102, 308 P.3d 755 (2013); State v. Gonzales, 198 Wn. App. 151, 155, 392 P.3d 1158, review denied, 188 Wn.2d 1022, 398 P.3d 1140 (2017).

Generally, "the party filing the first or initial document in any civil action . . . shall pay, at the time the document is filed, a fee of two hundred dollars." RCW 36.18.020(2)(a). But indigent civil litigants may request that the trial court waive filing fees or surcharges where payment is a "condition precedent to a litigant's

---

[5] Br. of Appellant at 12.

ability to secure access to judicial relief." GR 34; Jafar v. Webb, 177 Wn.2d 520, 526, 529, 303 P.3d 1042 (2013).

"We review de novo the constitutionality of a statute." Bryan, 145 Wn. App. at 359.

Here, there is a rational basis for distinguishing between criminal defendants subject to RCW 36.18.020(2)(h) and civil litigants who may request a waiver of fees pursuant to GR 34. Criminal defendants subject to RCW 36.18.020(2)(h) have already gone through a proceeding to determine their guilt, and are only subject to the filing fee if they have been convicted or have pleaded guilty. Thus, RCW 36.18.020(2)(h) serves to recoup some of the costs accrued in criminal proceedings resulting in a conviction or guilty plea.

In contrast, GR 34 applies only to those fees and surcharges that serve as a condition precedent to an indigent civil litigant's access to judicial relief. Thus, civil litigants who may request a waiver pursuant to GR 34 have not yet gone through a proceeding that has led the judicial system to incur associated costs.

Further, GR 34 does not prohibit the judicial system from recouping other fees and surcharges that accrue after proceedings have commenced. Such fees and surcharges would not be available to the judicial system if indigent civil litigants were barred entirely. Thus, GR 34 enables indigent civil litigants to seek judicial relief while furthering RCW 36.18.020's purpose of collecting revenue to help fund various causes.[6]

---

[6] We note that GR 34 has previously been upheld as constitutional for enabling indigent civil litigants to access the justice system. See Jafar, 177 Wn.2d at 529 (relying on Griffin v. Illinois, 351 U.S. 12, 19, 76 S. Ct. 585, 100 L. Ed. 891 (1956)).

Therefore, Patterson has not carried his burden of proving beyond a reasonable doubt that RCW 36.18.020(2)(h) is unconstitutional because there is a rational basis for distinguishing between criminal defendants subject to RCW 36.18.020(2)(h) and civil litigants who may request a waiver under GR 34. We conclude that the trial court did not violate Patterson's right to equal protection when it imposed the criminal filing fee under RCW 36.18.020(2)(h).

## Statement of Additional Grounds

Patterson has filed a statement of additional grounds for review. Patterson argues that he was "'profiled'" prior to his trial.[7] He also argues that his attorney told him that his sentence would be in the middle or low end of the possible range, that his sentence would run concurrent to his King County sentence, and that he could be given a residential drug offender sentencing alternative. Patterson's arguments do not allege that the trial court legally erred, and he has not argued that his trial counsel was ineffective despite not being able to obtain Patterson's desired outcomes. Further, his arguments rely on matters outside of the record. We decline consideration pursuant to RAP 10.10(c).

Patterson also challenges the trial court's characterization of him as a "'pusher'" instead of a "'user,'" as he had previously been convicted of possession as well as delivery.[8] Patterson's argument does not allege that the trial court legally erred. We decline consideration pursuant to RAP 10.10(c).

---

[7] Statement of Additional Grounds for Review (SAG) at 1.
[8] SAG at 1.

Affirmed in part and remanded.

Trickey, J

WE CONCUR:

Mann, A.C.J.