# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

               Respondent,

v.

RYAN BRETT JOHNSON,

               Appellant.

DIVISION ONE

No. 78099-9-I

UNPUBLISHED OPINION

FILED: July 22, 2019

DWYER, J. — An offender sentenced for a felony conviction is sentenced based on the offender score the offender has accumulated as of the day of sentencing. The sentencing court correctly applied this rule in resentencing Ryan Johnson. However, the sentencing court erred by requiring Johnson to pay a $200 criminal filing fee. Thus, we remand the matter to the superior court to strike the imposition of the filing fee. We affirm in all other respects.

I

The underlying facts of this case are set forth in our prior decision, State v. Johnson, No. 74262-1-I (Wash. Ct. App. May 1, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/742621.pdf, review denied, 189 Wn.2d 1013 (2017), but will be briefly summarized here. In 2015, Ryan Johnson and Billy Jo Arnold entered Anthony Williams's home and forced him to hand over money that he had won at a casino. Arnold also struck Williams on the head with

a blunt instrument that Johnson had handed to him before they entered the house, leaving a gaping wound that required stitches.

Johnson was charged by amended information with robbery in the first degree, burglary in the first degree, and assault in the second degree with a deadly weapon enhancement. After a trial, a jury convicted Johnson on all charges. At sentencing, his offender score was calculated as 10 for the robbery and burglary counts.[1] The trial court imposed standard range sentences of 129 months for the robbery conviction, 116 months for the burglary conviction, and 6 months for assault. The robbery and burglary sentences were to be served concurrently, while the assault sentence was to run consecutively to both of these, for a total of 135 months' confinement.

Johnson appealed his convictions and sentences. While we affirmed his convictions, we held that Johnson's robbery and assault convictions merged and that the trial court violated double jeopardy when it entered judgment and imposed sentences for both. Thus, we ordered dismissal of the assault charge and remanded the matter for resentencing. Johnson anticipated being resentenced with an offender score of 8 based on our decision.

During the pendency of his appeal, however, Johnson was convicted of theft in the second degree in an unrelated case. Johnson's offender score was thus a 9 when he appeared for resentencing on the robbery and burglary

---

[1] Offender scores in excess of 9 are treated as a score of 9 pursuant to statute. RCW 9.94A.510.

2

convictions. This resulted in his being sentenced with the same standard ranges as before.

The trial court denied Johnson's request for a sentence below the standard range and imposed a total term of 129 months' confinement—the same as the original term of confinement, less the six months' sentence for assault. Crying foul—but blind to the irony of his plight—Johnson again appeals.

II

Johnson avers that the trial court erred by sentencing him based on an offender score that accounted for a conviction entered after his original sentencing. This is so, he asserts, because the later conviction would not have modified his offender score but for the trial court's error in imposing the first sentence. We disagree. The court correctly calculated his offender score as of the date of resentencing.

A standard range sentence is determined through a mathematical formula, the inputs for which are a defendant's offender score and the offense seriousness score of the crime(s) of which he or she was convicted. RCW 9.94A.530(1). The offender score is a sum of points, representing past and current offenses, accrued by the defendant as determined by the trial court at the date of the sentencing hearing pursuant to RCW 9.94A.525. The first subsection of that statute provides:

> A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.589.

3

RCW 9.94A.525(1).

Barring certain exceptions not applicable herein, "whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score." RCW 9.94A.589(1)(a).

The applicability of these statutes when a defendant has accrued new convictions between a sentencing and a resentencing has been previously challenged and upheld. State v. Collicott, 118 Wn.2d 649, 664, 827 P.2d 263 (1992). In Collicott, a defendant's sentence had been remanded for re-determination of his offender score and resentencing. 118 Wn.2d at 651-52. In the time between his original sentencing hearing and the resentencing, however, he had been convicted of burglary in the first degree—a crime that he had committed before the original sentencing but to which he did not plead guilty until after the sentencing. Collicott, 118 Wn.2d at 652-53. On remand, the sentencing court did not consider this conviction in re-determining the defendant's offender score. Collicott, 118 Wn.2d at 654.

The Supreme Court reversed, holding that this resulted in an erroneous calculation of the defendant's offender score. On resentencing, the court explained, the sentencing court must include the subsequent burglary conviction as required by the language of the statute. Collicott, 118 Wn.2d at 668-69.

We, along with the other divisions of our court, have applied Collicott's holding in subsequent cases. See, e.g. State v. Bryan, 145 Wn. App. 353, 360,

4

185 P.3d 1230 (2008); State v. Clark, 123 Wn. App. 515, 517-18, 94 P.3d 335 (2004); State v. Shilling, 77 Wn. App. 166, 173-75, 889 P.2d 948 (1995). As stated in Clark, an "'offender score includes *all* prior convictions (as defined by [former] RCW 9.94A.030(9)) existing at the time of that particular sentencing, without regard to when the underlying incidents occurred, the chronological relationship among the convictions, or the sentencing or resentencing chronology.'" 123 Wn. App. at 519 (alteration in original) (quoting Shilling, 77 Wn. App. at 175).

Johnson views his situation as a type of perverse, dirty trick. After his appellate victory, he expected to be sentenced with a score of 8 and receive a lower sentence. Instead, his intervening conviction left him back where he started. Surely, he argues, he must have a remedy. But this equitable argument fails. "Equitable principles cannot be asserted to establish equitable relief in derogation of statutory mandates." Dep't of Labor & Indus. v. Dillon, 28 Wn. App. 853, 855, 626 P.2d 1004 (1981) (citing Norlin v. Montgomery, 59 Wn.2d 268, 273, 367 P.2d 621 (1961)). Further, "[i]t is well settled that a party with unclean hands cannot recover in equity." Miller v. Paul M. Wolff Co., 178 Wn. App. 957, 965, 316 P.3d 1113 (2014). Resort to equity cannot rescue Johnson from the simple arithmetic that designates his offender score as 9.

III

Upon resentencing, the trial court also imposed a $200 mandatory criminal filing fee. However, after resentencing, our legislature amended RCW 36.18.020(2)(h) to proscribe imposition of such a filing fee "on a defendant who is

indigent as defined in RCW 10.101.010(3)(a) through (c)." RCW 36.18.020(2)(h). Our Supreme Court has clarified that this amendment applies to defendants with appeals pending at the time of its enactment. State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018). Johnson contends, and the State concedes, that Johnson meets the statutory definition of indigency, and both parties request that we remand for striking of the criminal filing fee. Thus, we remand this matter to the sentencing court for entry of a ministerial order striking the filing fee. In all other respects, Johnson's sentence is affirmed.

Affirmed in part, reversed in part, and remanded.

WE CONCUR: